UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**NANCY E. SANFORD,**

    **Plaintiff,**

**v.**                                                   **Case No: 5:23-cv-404-PRL**

**THE STANDARD FIRE INSURANCE COMPANY,**

    **Defendant.**

_____

**ORDER**

In this underinsured motorist automobile accident removal action, Plaintiff Nancy E. Sanford brings personal injury claims against her insurance company, The Standard Fire Insurance Company. (Doc. 1-1). Previously, the Court noted that both this case and Case No. 5:23-cv-402-PRL arise out of the same automobile accident that occurred on July 14, 2022. Consequently, the Court directed the parties to show cause why this case should not be consolidated with the earlier filed case, *Brian Sanford v. The Standard Fire Insurance Company*, Case No. 5:23-cv-402-PRL. (Doc. 16). Plaintiff replied to the show cause order objecting to the consolidation. (Doc. 17). Meanwhile, Defendant also replied and stated that it agrees to the consolidation. (Doc. 18). Upon due consideration, and for the reasons explained below, the undersigned finds that Plaintiff's objections to consolidation are due to be overruled.

Federal Rule of Civil Procedure 42(a) "codifies a district court's inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995) (internal quotation marks omitted). The decision to consolidate cases is committed to

the sound discretion of the trial court. *See id.* (Rule 42(a) "is permissive and vests a purely discretionary power in the district court" (quotations omitted)); *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) ("A district court's decision under Rule 42(a) is purely discretionary."). The discretion, however, is not without limits. As the test of Rule 42(a) makes clear, a trial court may consolidate cases only when (1) the actions involve a common question of law or fact and (2) they are pending before the same court. *See* Fed. R. Civ. P. 42(a). When the common question of law or fact requirement has been satisfied, trial courts in the Eleventh Circuit are "encouraged ... to 'make good use of Rule 42(a) ... in order to expedite the trial and eliminate unnecessary repetition and confusion.'" *Hendrix*, 776 F.2d at 1495 (quoting *Dupont v. S. Pac. Co.*, 366 F.2d 193, 195 (5th Cir. 1966)).

As to Plaintiff's objections, it should first be noted that Plaintiff's response confusingly misquotes the Court's prior Order and contains headings apparently related to an unrelated matter. (Doc. 17 at 2 & 7). It is thus unclear the extent to which Plaintiff's objections truly apply to the proposed consolidation of the instant cases. Further, it is undisputed that both this case and Case No. 5:23-cv-402-PRL arise from the same automobile accident and insurance policy. A review of the two complaints reveal that they are not only parallel but are essentially identical. Indeed, the only difference between the two complaints is the named plaintiff in each, Brian M. Sanford, and Nancy E. Sanford, respectively. Otherwise, the allegations are the same.

Nonetheless, Plaintiff objects to consolidation and claims that: (1) the prerequisite of having common law and facts is not present; (2) to consolidate would cause delay, prejudice and jury confusion; and (3) if consolidation is appropriate, the cases should only be consolidated for the purpose of discovery. Plaintiff also argues that each of the plaintiffs

suffered different injuries and will require different expert testimony. Plaintiff further contends that she would be prejudiced by consolidation due to limitations on discovery, such as the limitation on written interrogatories.

The undersigned finds Plaintiff's arguments unpersuasive. It is undisputed that both Brian Sanford and Nancy Sanford were traveling in the same vehicle together at the time it was allegedly struck by a vehicle operated by Alexander Soto Alcantara, whom both plaintiffs allege was an underinsured motorist and completely at fault for the collision, and that they were both covered under the same insurance policy. Therefore, both this case and Case No. 5:23-cv-402-PRL involve common questions of law and fact. Further, both cases are pending before the same court. Indeed, both cases are pending before the undersigned. The undersigned finds that the interests of efficiency and judicial economy weigh in favor of consolidation. Further, any alleged prejudice may be addressed by appropriate motions. It is well within the Court's power to manage discovery, case management, and the trial.

Accordingly, this case will be consolidated with *Brian Sanford v. The Standard Fire Insurance Company*, Case No. 5:23-cv-402-PRL, and the Clerk is directed to take all steps necessary to effectuate the consolidation. The Clerk is further directed to file this Order in Case No. 5:23-cv-402-PRL, and upon completion of the consolidation, to administratively close this case.

**DONE** and **ORDERED** in Ocala, Florida on September 12, 2023.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

- 4 -

Counsel of Record
Unrepresented Parties